HERMINIO H. MUÑOZ, demandante y apelado, *v.* ANTONIO PARDO, demandado y apelante.

Núm. 9493.—*Sometido:* Diciembre 5, 1947. *Resuelto:* Abril 19, 1948.

*Enrique Igaravídez,* abogado del apelante; *Adrián Agosto,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En la demanda radicada ante el Tribunal de Distrito de San Juan, el demandante alega que siendo él dueño de una

sortija de brillante, de 3 y medio kilates y de un valor de $1,200, la dió en prenda al demandado Antonio Pardo, para garantizar a éste la suma de $200 que prestara al demandante; que éste en varias ocasiones requirió al demandado para que recibiese los $200, más la suma de $39.75, importe de compras a crédito hechas por el demandante en el establecimiento del demandado; que habiéndose negado éste a recibir los $239.75 y a devolverle la sortija, el demandante consignó el dinero en la Secretaría de la Corte a disposición del demandado; que desde el mes de octubre de 1941, fecha en que se realizó el alegado empeño, el demandado y sus familiares han venido usando la sortija, causando daños al demandante por valor de $550. Pide el demandante que se condene al demandado a devolverle la sortija, a recibir la cantidad consignada a su favor y a pagar al demandante la suma de $550 por el uso de la prenda; y en el caso de que el demandado no pueda o no quiera devolver la prenda, que se le condene a pagar su valor, o sea $1,200, más las costas y $500 para honorarios de abogado.

Contestó el demandado negando específicamente los hechos esenciales de la demanda y alegando en contrario que la sortija le fué vendida por el demandante allá para el 28 de octubre de 1941. Como defensas especiales alegó el demandado: (a) que la acción está prescrita de acuerdo con las disposiciones del artículo 1868 del Código Civil (ed. 1930), por el transcurso de un año de la fecha en que el demandado entró en posesión del bien mueble; y (b) que la demanda no alega hechos suficientes para establecer una buena causa de acción. El demandado radicó al mismo tiempo una "moción para que se dicte sentencia desestimando la demanda", alegando como fundamentos (a) que los hechos alegados en la demanda no justifican la acción de reclamación y entrega de bienes muebles, por aparecer de la misma demanda que el demandado está en posesión legal de los bienes reclamados; (b) que la demanda es insu-

ficiente para justificar la acción de daños y perjuicios, ya que el único derecho que tendría el demandante sería el de pedir, de acuerdo con el artículo 1769 del Código Civil, que se depositara la prenda; y (c) que ambas acciones están prescritas de acuerdo con el artículo 1868, inciso (1) del Código Civil vigente.

El presente recurso ha sido interpuesto por el demandado contra la sentencia por la cual se le condena a devolver la prenda y al pago de las costas, incluyendo $100 para honorarios de abogado.

██ Por el primer señalamiento se alega que la corte inferior erró al no sostener la defensa de cosa juzgada (*res judicata*) planteada por el demandado en su "moción para que se dicte sentencia sumariamente".

Del récord que tenemos a la vista no aparece moción alguna del demandado para que se dictara sentencia sumariamente. Tampoco aparece de las alegaciones que el demandado planteara como defensa la de "res judicata". En su oposición a la moción del demandante para que la prenda fuese entregada al Márshal y conservada por éste hasta la terminación del pleito, el demandado alegó por primera vez que un caso anterior entre las mismas partes, iniciado por el demandante ante la Corte Municipal de San Juan y visto en apelación ante la Corte de Distrito de San Juan, se resolvió que para que pudiera prosperar una consignación y reclamación de bienes muebles, como la que pretendía hacer el demandante, "precisaba primero una declaración de derechos y naturaleza de la relación jurídica existentes entre el demandante y el demandado y a virtud de cuya declaración previa pudiera establecerse si la sortija de brillante que estaba en posesión del demandado lo estaba como bien comprado o como bien dado en prenda por éste al demandado." La moción sobre depósito de la prenda fué declarada sin lugar.

En el acto de la vista el demandado ofreció en eviden-cia la demanda, la contestación y la opinión y sentencia en el caso anterior "para demostrar que ese mismo deman-dante hizo una consignación de mayor dinero y alegaba otras cosas diferentes." En la súplica de dicha demanda se pedía sentencia por la que se declarase que la transac-ción entre las partes fué una de préstamo con garantía de la sortija y que se condenase al demandado a aceptar la suma consignada en la Corte Municipal y a devolver la prenda. La Corte de Distrito declaró sin lugar la de-manda (a) porque la consignación hecha por el deman-dante en la corte municipal no era válida; y (b) porque la corte municipal carecía de jurisdicción para declarar de-rechos, estados y otras relaciones jurídicas, siendo esa ju-risdicción exclusiva de las cortes de distrito, de acuerdo con la Ley núm. 47, Relativa a Sentencias y Decretos Declara-torios, de 1931, pág. 379.

La alegada defensa de cosa juzgada, aun cuando hubiese sido presentada como parte de la contestación, tendría que ser desestimada por carecer de méritos. Para invocar con éxito la defensa de cosa juzgada precisa no sólo la más per-fecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron, sí que también que la sentencia anterior por su naturaleza o por disposición de la ley resuelva definitivamente el asunto. *Meléndez* v. *Cividanes*, 63 D.P.R. 4. La sentencia dictada por la corte de distrito en el pleito anterior no resolvió definitivamente el asunto. La desestimación de la demanda se basó en la falta de jurisdicción de la corte municipal para dictar una sentencia declaratoria y no puede, por lo tanto, tener el efecto de una adjudicación en los méritos. Regla 41(b) de las Reglas de Enjuiciamiento Civil. No hubo error.

■ Como segundo señalamiento se alega que la corte inferior erró al no sostener que la doctrina de "collateral

estoppel'' impedía al demandante hacer una consignación menor que la hecha por él en el pleito anterior.

En la demanda original radicada ante la corte municipal el demandante Muñoz alegó que la transacción entre él y el demandado Pardo había sido una de prenda en garantía de la suma de $200, la cual fué consignada a favor de Pardo. Contestó éste que la sortija le había sido vendida por $450 y que el demandante le adeudaba además $39.75. Muñoz radicó entonces una demanda enmendada en la que alegó nuevamente que él empeñó la sortija a Pardo por la suma de $200; que Pardo tomó la prenda y le entregó un cheque por $200; que con posterioridad a la transacción de prenda, el demandante hizo compras a crédito en el bar del demandado por valor de $289.75; que el demandante había requerido al demandado para que aceptase los $200 ya consignados, más $289.75 en un cheque certificado, a lo que se negó el demandado, negándose igualmente a devolver la prenda. El demandante consignó en la corte dos cheques certificados por un total de $489.75.

En su contestación a la demanda enmendada alegó Pardo que en la fecha en que se efectuó la transacción entre él y Muñoz, éste le adeudaba $250 por compras a crédito hechas en ''Pardo Bar & Grill''; que al requerir él a Muñoz para que pagara su deuda éste le manifestó que con lo único que podía pagarle era con una sortija de brillante, la cual le ofreció en prenda; que al negarse Pardo a aceptarla en prenda, las partes convinieron que se hiciera una tasación de la sortija y entonces el demandado abonaría al demandante el importe de su deuda y le pagaría el balance en efectivo; que la prenda fué tasada en $450 y entonces Pardo dió por liquidada la cuenta de Muñoz, ascendente a $250, y entregó a éste $200 en efectivo, recibiendo Pardo la sortija la cual posee en carácter de dueño.

En la vista del primer caso ante la Corte de Distrito de San Juan, el demandante Muñoz declaró en síntesis como

sigue: Que él acostumbraba jugar a los dados en el Café de Pardo. Un día en que perdió $80, le pidió esa suma a Pardo para pagar le deuda. Pardo le propuso comprarle la sortija por $700 y descontar de esa suma los $80. Muñoz rechazó la oferta y entonces Pardo le propuso darle $200 a préstamo, con la sortija como garantía. Pardo le entregó un cheque por $200; Muñoz lo cobró, le devolvió los $80 a Pardo y se quedó con los $120 restantes, entregando la sortija como garantía. Más tarde, Muñoz le ofreció a Pardo los $200 para redimir la prenda. Pardo le reclamó el pago de intereses y le dijo que tenía que darle $450 si quería llevarse el brillante. Por mediación de Diego Portalatín, Muñoz le pidió a Pardo que aceptara $400, "que cogiera $200 de más que yo soy un pobre", pero Pardo rechazó la oferta y exigió el pago de $550. Después de haber empeñado la sortija por $200, Muñoz hizo compras a Pardo, a crédito, por valor de $39.75, cantidad que reconoce adeudar. Que él consignó en la corte municipal $489 en tres cheques certificados, pero que lo hizo obligado por su abogado y por el juez. Repreguntado por el abogado de Pardo para que explicase porque había consignado $489 si su deuda era por $239.75 solamente, Muñoz contestó: "Por lá exigencia de ustedes en asegurar que yo debía un dinero que no debía y yo estaba dispuesto a obtener mi' brillante. Por eso consigné eso. Yo consigné lo que mi abogado me aconsejó para acabar este asunto."

Las mismas razones que yà expusimos para sostener la improcedencia de la defensa de *res judicata* son aplicables para no sostener la de "*collateral estoppel*". El demandante declaró a satisfacción de la corte inferior que él había consignado una suma mayor que la que realmente adeudaba, porque tenía gran interés en recuperar su prenda y su abogado le aconsejó que lo hiciera así para salir del asunto. No habiendo sido aceptada la primera oferta y desestimada la primera demanda por falta de jurisdicción,

el demandante no estaba obligado a renovar su oferta por una suma mayor que la que él realmente adeudaba al demandado.

■■ Sostiene el demandado apelante que la corte inferior erró al desestimar la defensa de que la demanda no alegaba hechos justificativos de una causa de acción para recobrar bienes muebles. La alegada insuficiencia de la demanda consiste en que la misma no está acompañada de una declaración jurada haciendo constar "que los bienes están injustamente retenidos por el demandado" y también "la causa que se afirma en contrario con motivo de la retención de los bienes", según lo requiere el artículo 171 del Código de Enjuiciamiento Civil, edición de 1933.

La contención del apelante carece de méritos. Es cierto que en el título de la demanda se dice que la acción que se ejercita es "Sobre: Reclamación y entrega de bienes muebles, consignación y otros extremos." Empero, bastará leer las alegaciones de la demanda para comprender que la acción que se ejercita en este caso es la que establece el Código Civil, (edición de 1930), a favor del deudor, para pedir la restitución de la cosa dada en prenda, previo pago o consignación a favor del acreedor del importe de la deuda. Artículos 1765 y 1770, Código Civil.

Las Reglas de Enjuiciamiento Civil, que comenzaron a regir el 1 de septiembre de 1943, disponen "que habrá una sola forma de acción, la que se conocerá como 'acción civil'" (Regla 2); y que "una alegación que exponga una solicitud de remedio, ya sea una reclamación original, reconvención, reclamación recíproca (*cross-claim*) o reclamación de tercero (*third party claim*), contendrá (1) una relación sucinta y clara de los hechos que originan la acción y que dan derecho al demandante al remedio que solicita; y (2) una solicitud de sentencia concediendo el remedio a que crea tener derecho, (Regla 8).

620

No erró la corte inferior al resolver que la demanda contiene todas las alegaciones necesarias para constituir una causa de acción.

Alega el apelante que la corte inferior erró al no sostener que la acción para recobrar la posesión de la prenda estaba prescrita de acuerdo con el artículo 1868, inciso 1 del Código Civil de 1930.

No tiene razón el apelante. Es cierto que de acuerdo con el citado precepto legal la acción para recobrar la posesión prescribe por el transcurso de un año, contado dicho término desde la pérdida de la posesión. En el caso de autos no se trata de una acción para recobrar la mera posesión de una propiedad y sí de una acción para su reivindicación, contra una persona que alega haberla adquirido por compra y que la posee en concepto de dueño.

De acuerdo con el artículo 389 del Código Civil (ed. de 1930), el poseedor puede perder su posesión por abandono de la cosa o por cesión hecha a otro por título oneroso o gratuito.

En sus Comentarios al artículo 460 del Código Civil Español (3ra. edición, tomo 4, págs. 306 y 307), que es el equivalente al 389 del nuestro, dice Manresa:

"2. *Cesión hecha a otro por título oneroso o gratuito.* Cesión quiere decir transmisión en cualquier forma. No cabe duda acerca del derecho del poseedor para disponer de lo que tiene como suyo. No se trata aquí de las formas especiales de disposición que consisten en gravar, limitar, transformar, etc., sino del hecho de traspasar el poseedor a un tercero todos los derechos que pudiera tener sobre la cosa.

"En realidad, no hay aquí, como en el caso anterior, verdadera pérdida de posesión, porque la relación con la cosa o el derecho no se rompe, y éstos no quedan en libertad; cambia sólo el sujeto de esa relación. La posesión puede decirse que continúa y así ha de entenderse a los efectos del artículo 1960, número 1, en relación a la prescripción."

La prueba aducida por el demandante, creída por el tribunal inferior, demuestra que Muñoz, dueño de una sortija, la dió en prenda al demandado, como garantía de un préstamo. No se trata, pues, de una cesión por título oneroso o gratuito; con la consiguiente pérdida de la posesión, y sí de una forma especial de disposición consistente en gravar un bien mueble para responder del cumplimiento de una obligación. Desde el momento en que recibió la sortija en prenda, el demandado empezó a poseerla, no en concepto de dueño, y sí en concepto de acreedor, con derecho a retenerla en su poder hasta que le sea satisfecho su crédito. Artículos 1762 y 1765 del Código Civil (1930). El poseedor de un bien mueble dádole en prenda en garantía de una obligación, posee la propiedad a nombre y para beneficio de su deudor. Por eso dispone el Código Civil que el acreedor no puede apropiarse las cosas dadas en prenda, ni disponer de ellas, (artículo 1758); que deberá cuidar de la cosa dádale en prenda con la diligencia de un buen padre de familia y que responderá de su pérdida o deterioro (artículo 1766); que si la prenda produce intereses, los mismos corresponderán al deudor, (artículo 1767); y que el acreedor no podrá usar la cosa dada en prenda sin la autorización del dueño, (artículo 1769). Dispone, además, el Código Civil (artículo 1771) que el acreedor a quien no se hubiere satisfecho su crédito deberá enajenar la prenda mediante subasta pública, con citación de su deudor.

Desde el momento en que se negó a recibir el importe de su crédito y a restituir al demandante la propiedad empeñada, el demandado se convirtió en un detentador o poseedor ilegal de la prenda y surgió a favor del demandante un derecho de acción para reivindicarla. Artículo 393 del Código Civil, 1930. El mismo Código dispone lo siguiente:

*"Artículo 1862.* Las acciones reales sobre bienes muebles prescriben a los seis años de perdida la posesión, salvo que el poseedor

haya ganado por menos término el dominio, conforme al artículo 1855, y excepto los casos de extravío y venta pública, y los de hurto o robo, en que se estará a lo dispuesto en el párrafo tercero del mismo artículo citado.''

Dispone el artículo 1855, que ''el dominio de los bienes muebles se prescribe por la posesión no interrumpida de tres años con buena fe'' o ''por la posesión no interrumpida de seis años, sin necesidad de ninguna otra condición''; y que en cuanto al derecho del dueño para reivindicar la cosa mueble de que hubiese sido privado ilegalmente, se estará a lo dispuesto en el artículo 393 del mismo Código.

No erró la corte inferior al declarar sin lugar la defensa de prescripción de la acción.

■ El cuarto señalamiento está relacionado con la apreciación que de la prueba hiciera la corte inferior. La controversia entre las partes era sobre si el contrato celebrado entre Muñoz y Pardo fué uno de compraventa o un contrato de préstamo garantizado con una prenda. La evidencia ofrecida por el demandante está en abierta contradicción con la aportada por el demandado. El juez sentenciador, quien vió y oyó declarar a las partes y a sus respectivos testigos dirimió el conflicto dando crédito al demandante y a sus testigos y llegando a la conclusión de que ''el demandante entregó este brillante al demandado Pardo, no en compraventa, sino en prenda para garantizar un préstamo de $200.'' La prueba del demandante es suficiente para justificar tales conclusiones. La imputación de que el tribunal sentenciador actuó apasionada y parcialmente no está sostenida por constancia alguna del récord. Siendo ello así, es nuestro deber respetar el fallo de la corte inferior.

■ La alegación del demandado al efecto de que la corte de distrito carecía de jurisdicción es infundada. La acción que se ejercita es sobre restitución de una prenda valorada en más de quinientos dólares. Además, el demandante re-

clamó en su demanda la suma de $550 como daños y perjuicios por el indebido uso de la prenda por el demandado. No hubo error.

No nos detendremos a discutir los señalamientos restantes por considerar que los mismos carecen de méritos.

*La sentencia recurrida debe ser confirmada.*