JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, peticionaria, *v.* HOSPITAL DE LA CONCEPCIÓN, demandado.

*Número:* O-79-470    *Resuelto:* 14 de junio de 1983

*Gladys T. Ramos Rosario*, abogada de la peticionaria; *Federico Rodríguez Pagán*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

La Junta de Relaciones del Trabajo nos pide que pongamos en vigor la decisión y orden dictada contra el Hospital de la Concepción para que cese y desista de despedir empleados o cambiarles sus condiciones de trabajo por par-

ticipar éstos en actividades gremiales, de intervenir, restringir o coercer a sus empleados en el ejercicio de sus derechos y para que restituya a cinco empleados a sus antiguos empleos u otros similares a los que ocupaban, pagándoles los salarios no devengados con las deducciones correspondientes. El Hospital ha objetado la petición de la Junta, señalando los siguientes errores: (1) determinar que el Hospital se negó a negociar de buena fe con la Federación; (2) resolver que los empleados fueron despedidos en violación de la ley; (3) desestimar la defensa de impedimento en equidad; (4) desestimar la defensa de cosa juzgada e impedimento colateral por sentencia, en relación con el caso CS-73-4473 instado por la Federación en el Tribunal Superior; y (5) concluir que tiene jurisdicción en la controversia.

Pasamos a exponer sucintamente los hechos que sirven de fondo a estos planteamientos, para luego considerar la validez de los mismos.

Allá para el 1973 la Federación de Enfermeras Prácticas Licenciadas de Puerto Rico y el Hospital de la Concepción suscribieron un Acuerdo de Elección por Consentimiento. Celebrada la elección de rigor, el Director Regional de la Junta Nacional de Relaciones del Trabajo certificó el 9 de marzo de ese año a la Federación como la representante exclusiva, a los fines de la negociación colectiva de las enfermeras prácticas licenciadas y enfermeras con licencia temporera. Meses más tarde, el 23 de agosto, la Junta Nacional dejó sin efecto esta certificación, por razón de estar los hospitales sin fines de lucro excluidos del ámbito de la ley federal. 29 U.S.C.A. sec. 152(2).

A partir de las elecciones y la certificación expedida el 9 de marzo, las relaciones entre el Hospital y las enfermeras comenzaron a deteriorarse. Entre marzo y octubre de 1973 se eliminó la merienda que recibían las enfermeras como parte de su condición de empleo en el turno de 11:00 p.m. a 7:00 a.m., el Hospital prohibió los turnos especiales que desempeñaban algunas enfermeras como un servicio directo

al paciente y ordenó a algunas de sus enfermeras prácticas desalojar los cuartos dormitorios que ellas ocupaban en el Hospital.

Con motivo de estas actuaciones y de la negativa del Hospital de reconocer a la Federación, las enfermeras iniciaron un paro cuya causa inmediata, sin embargo, fue el despido de la enfermera Nancy Vega. El 23 de octubre las enfermeras comparecieron ante un examinador de la Junta con el propósito de presentar un cargo de práctica ilícita, pero el examinador les expresó que no valía la pena llevar el asunto adelante y les aconsejó que continuaran con la huelga, ya que ésta era la mejor forma de presionar. La Federación decidió entonces instar una demanda en el Tribunal Superior contra el Hospital, a fin de que se dejara sin efecto la descertificación de la Junta Nacional, se obligara a la Junta de Relaciones del Trabajo a investigar los cargos de práctica ilícita, se dictara un interdicto contra el Hospital para obligarle a negociar, más una compensación de daños y perjuicios. El 7 de diciembre de 1973 el tribunal se declaró sin jurisdicción al concluir correctamente que se trataba de una clásica disputa obrero-patronal. Sin embargo, no fue hasta el 20 de agosto de 1976 que el tribunal desestimó la demanda, a tenor con la Regla 11 de las de Administración de los Tribunales de Primera Instancia. 4 L.P.R.A. Ap. II-A.

No obstante, el 9 de marzo de 1974 la Federación presentó ante la peticionaria Junta de Relaciones del Trabajo un cargo de práctica ilícita contra el Hospital y en esta ocasión se expidió la querella que dio motivo a la Decisión y Orden objeto de este recurso.

*Jurisdicción de la Junta*

Consideraremos en primer término el planteamiento relativo a la jurisdicción de la Junta de Relaciones del Trabajo, que es motivo del quinto apuntamiento de error, ya que de su solución depende la consideración de los otros planteamientos.

■   La Ley Nacional de Relaciones del Trabajo, aprobada en el 1935 y conocida como Ley Wagner, incluyó en su ámbito a los hospitales sin fines de lucro, 49 Stat. 449 (1935). Posteriormente, en el 1947 la Ley Taft-Hartley los excluyó específicamente de la definición de "patrono" y, por tanto, de la aplicación de la ley federal. 61 Stat. 136 (1947), 29 U.S.C.A. sec. 152(2). Al percatarse el Hospital de la Concepción de esta exclusión, solicitó y obtuvo de la Junta Nacional el 23 de agosto de 1973 la descertificación. Un año más tarde, el 26 de julio de 1974, se extendió nuevamente el ámbito de la ley federal a los hospitales sin fines de lucro, cuando se eliminó la excepción establecida en la Ley Taft-Hartley. Ley Pública Núm. 93–360, 88 Stat. 395 (29 U.S.C.A. sec. 152(2)). La Junta Nacional tiene, pues, al presente jurisdicción sobre los hospitales sin fines de lucro en cuanto a las actividades reguladas por la ley federal. (¹)

Debemos resolver si la inclusión de los hospitales sin fines de lucro en el ámbito de la ley federal impide a la peticionaria adquirir jurisdicción sobre prácticas ilícitas cometidas con anterioridad a la vigencia de la ley federal el 25 de agosto de 1974.

■   La Junta de Relaciones del Trabajo no tiene facultad para intervenir en asuntos que caen bajo la jurisdicción de la Junta Nacional. *Rivera* v. *Security Nat. Life Ins. Co.*, 106 D.P.R. 517 (1977); *P.R. Telephone* v. *Junta Rel. Trabajo*, 86 D.P.R. 382 (1962); *Asoc. Empl. Bayamón Transit* v. *Junta Rel. Trabajo*, 70 D.P.R. 292 (1949). No hay conflicto jurisdiccional, sin embargo, cuando la Junta de Relaciones del Trabajo reglamenta actividades que no están

---

(¹) Para una discusión sobre el historial legislativo y judicial de las enmiendas de 1974: L. Feheley, *Amendments to the National Labor Relations Act: Health Care Institutions*, 36 Ohio St. L.J. 235 (1975); R. Vernon, *Labor Relations in the Health Care Field under 1974 Amendments to the National Labor Relations Act: An Overview and Analysis*, 70 Nw. U.L. Rev. 202 (1975); Shepard, *Health Care Institution Amendments to the National Labor Relations Act: An Analysis*, 1 Am. J. L. & Med. 41 (1975); Comment, *National Labor Relations Act—History and Interpretation of the Health Care Amendments*, 60 Marq. L. Rev. 921 (1977).

cubiertas por la ley federal o prácticas ilícitas no compren-
didas en dicho estatuto. *P.R. Telephone*, supra. En *Asoc.
Empl. Bayamón Transit*, supra, resolvimos, específica-
mente, que la Junta tiene jurisdicción cuando el negocio del
patrono está exento bajo la ley federal, pero sujeto a la ley
de Puerto Rico. Las asociaciones sin fines de lucro siempre
han estado sujetas a nuestra Ley de Relaciones del Trabajo.
Por tanto, antes del 25 de agosto de 1974, fecha en que se
incluyó en el estatuto federal a los hospitales sin fines de
lucro, la peticionaria tenía jurisdicción sobre disputas labo-
rales en dichas instituciones. Véanse, *J.R.T.* v. *Milares
Realty, Inc.*, 90 D.P.R. 844 (1964); *Junta Rel. Trabajo* v.
*Club Deportivo*, 84 D.P.R. 515, 524 (1962); *Asoc. Hospital
del Maestro y Federación de Enfermería Práctica Licen-
ciada de Puerto Rico*, Junta de Relaciones del Trabajo de
Puerto Rico, Caso Núm. PP-112, P-3079, D-656 (1973). No
obstante, debemos determinar si la enmienda al estatuto
federal que entró en vigor el 25 de agosto de 1974 tiene
efecto retroactivo, en cuyo caso la peticionaria no podría
ejercer jurisdicción en disputas laborales acaecidas con
anterioridad a dicha fecha.

El problema de la retroactividad de la enmienda que in-
cluyó a los hospitales sin fines de lucro en el estatuto federal
fue anticipado por el abogado de la Junta Nacional en un
memorando del 20 de agosto de 1974, en el cual expresó:

> Otro ejemplo de un problema transitorio que puede surgir
> es un cargo de práctica ilícita presentado [en la Junta
> Nacional de Relaciones del Trabajo] después de la fecha de
> efectividad del estatuto, fundado en conducta que ocurrió
> enteramente antes de la vigencia del estatuto. Parecería, a la
> luz de la experiencia pasada con casos que surgieron bajo la
> extensión de jurisdicción sobre el Servicio Postal de los Esta-
> dos Unidos [*U.S. Postal Service*, 200 N.L.R.B. No. 56; 81
> L.R.R.M. 1533 (1972)], que tales casos serían desestimados, *ya
> que no se puede determinar que una parte ha violado la ley
> antes de que la ley sea efectiva.* (Énfasis suplido.) (Traducción
> nuestra.) *Guidelines Issued by the General Counsel of the*

*National Labor Relations Board for Use of Board Regional Offices in Unfair Labor Practice Cases Arising Under the 1974 Nonprofit Hospital Amendments to the Taft-Hartley Act,* Memorándum 74-49, 20 de agosto de 1974; 86 L.R.R. 389 (1974); Labor Relations Yearbook–1974, págs. 343, 361.

El historial legislativo en el Congreso también revela la intención de no hacer retroactiva la extensión de jurisdicción a hospitales sin fines de lucro. Surge del debate en el hemiciclo lo siguiente:

Sr. Quie:

.     .     .     .     .     .     .     .

Primeramente, señor Presidente, con el propósito de aclarar la aplicación futura de esta legislación me gustaría hacer estas preguntas al caballero de Nueva Jersey:

Primero, este proyecto dispone que será efectivo en 30 días después de la fecha de su aprobación, pero no provee una pauta futura efectiva a las partes que ahora estarán cubiertas bajo la ley federal, que anteriormente estaban por la ley estatal, o por ninguna ley. Parece claro que en relación con prácticas ilícitas del trabajo, bajo la NLRA, sólo las prácticas cometidas después de la fecha de efectividad de la enmienda podrán ser tramitadas por la NLRA. Pero suponga que se ha presentado un cargo de práctica ilícita del trabajo bajo la ley estatal con anterioridad a la vigencia de la legislación federal, ¿se permitiría que el Estado terminara su procedimiento?

Sr. Thompson de Nueva Jersey:

De hecho, no hay ninguna disposición en la ley federal que impida al Estado terminar sus procedimientos, ya que la alegada conducta ilícita habría ocurrido con anterioridad a la vigencia de la ley federal. Sin embargo, parecería propio que el estado considerara el procedimiento federal y los precedentes antes de dictar un remedio. (Traducción nuestra.) 120 Cong. Rec. 22942 (1974).

■ Es de notar, además, que tanto la Junta Nacional como los tribunales federales han reiterado la norma de que la Junta Nacional no puede ejercer su jurisdicción sobre disputas laborales en hospitales sin fines de lucro, cuando

los hechos acontecieron con anterioridad a la vigencia de la enmienda de 1974. *Puerto Rico Labor Relations Board*, 217 N.L.R.B. 168, 89 L.R.R.M. 1164 (1975); *Vancouver Memorial Hospital*, 219 N.L.R.B. 15, 89 L.R.R.M. 1592 (1975). Véanse, además, *Methodist Hospital of Ky., Inc.* v. *N.L.R.B.*, 619 F.2d 563, 568–571 (6th Cir. 1980); *Woodlawn Hospital* v. *N.L.R.B.*, 596 F.2d 1330, 1337 (7th Cir. 1979); *N.L.R.B.* v. *St. Luke's Hospital Center*, 551 F.2d 476, 483 (2nd Cir. 1976); *Pa. Ass'n of Int. & Res.* v. *Albert Einstein Med. Ctr.*, 369 A.2d 711, 713 (1976). *Cf. Mile Square Health Center*, 223 N.L.R.B. 201, 92 L.R.R.M. 1095 (1976); *Beverly Farm Foundation*, 225 N.L.R.B. 70, 92 L.R.R.M. 1425 (1976).

En *Puerto Rico Labor Relations Board*, supra, pág. 1165, la Junta Nacional expresamente resolvió que su jurisdicción se limitaba a disputas laborales en hospitales sin fines de lucro, que surgiesen con posterioridad a la vigencia de la ley. Al respecto expresó:

> No obstante, nuestra asunción de jurisdicción está limitada a disputas que surjan en o subsiguientemente al 25 de agosto de 1974, y en consecuencia, no se extenderá a ninguna disputa surgida antes de esa fecha.

El examen que hemos hecho de los casos citados y de la intención legislativa que se revela en el historial legislativo, nos convencen de que la enmienda de 1974 a la ley federal, para extender su cubierta a los hospitales sin fines de lucro, no tiene efecto retroactivo.

■ En el caso de autos, los cargos de práctica ilícita contra el Hospital de la Concepción se presentaron el 9 de marzo de 1974, sobre hechos que ocurrieron con anterioridad a la vigencia de la enmienda introducida a la ley federal para extender la jurisdicción de la Junta Nacional a los hospitales sin fines de lucro, por lo que la Junta de Relaciones del Trabajo de Puerto Rico tenía jurisdicción sobre estas instituciones y la ejerció válidamente al emitir la Decisión y Orden contra el Hospital de la Concepción. El hecho de que la querella se presentara y se resolviera con

posterioridad a la vigencia de la ley federal no altera nuestra conclusión, pues lo determinante para el ejercicio de jurisdicción por la peticionaria es la fecha en que ocurrieron los hechos que dieron base a los cargos de práctica ilícita.

No hay en este caso conflicto alguno con la política pública ni con ninguna disposición de la ley federal, que pudiera invalidar la actuación de la Junta. En efecto, la acción tomada por la Junta de reponer en sus empleos a los trabajadores despedidos y de rembolsarle los salarios dejados de devengar está en plena armonía con el esquema estatutario federal. *N.L.R.B.* v. *Saint Luke's Hospital Center*, supra.

El recurrido arguye que al aprobarse el 26 de julio de 1974 la enmienda que extendió la jurisdicción de la Junta Nacional a los hospitales sin fines de lucro ocurrió un desplazamiento de las leyes estatales sobre la materia, que tuvo como efecto el hacer inaplicable la ley estatal y el privar a las agencias y a los tribunales estatales de jurisdicción. Sostiene que las diferencias entre la ley federal y la estatal son tan fundamentales que impiden a la Junta Nacional ceder su jurisdicción a la Junta estatal sobre los hospitales sin fines de lucro. No es necesario abordar el planteamiento, porque no es en virtud de una cesión de jurisdicción que la peticionaria ejerce jurisdicción sobre tales instituciones, sino porque la ley federal no tiene efecto retroactivo. No es éste, pues, un caso de cesión de jurisdicción, sino de ausencia de jurisdicción en la Junta Nacional.

## Defensa de cosa juzgada

Sostiene el Hospital que la Junta incidió al desestimar su defensa de cosa juzgada planteada en relación con el caso CS-73-4473, al cual nos referimos anteriormente. Un somero examen del récord y de las disposiciones pertinentes de las leyes laborales nos convence de que el planteamiento no tiene validez.

■ Es requisito esencial para la aplicación de la defensa de cosa juzgada que el tribunal haya actuado con jurisdicción. *Tartak* v. *Tribl. de Distrito*, 74 D.P.R. 862, 870 (1953); *Muñoz* v. *Pardo*, 68 D.P.R. 612, 616–618 (1948). Tal requisito está ausente en el presente caso. Surge del expediente del caso CS-73-4473, que el Tribunal Superior se declaró sin jurisdicción precisamente a petición del propio Hospital. En dicho foro adujo como fundamento para la desestimación de la demanda la prohibición establecida en la Ley Núm. 50 de 4 de agosto de 1947 (29 L.P.R.A. sec. 101), que niega jurisdicción al tribunal de instancia para expedir órdenes de entredicho o de *injunction* preliminar o permanente.(²) También reclamó la facultad exclusiva de la Junta de Relaciones del Trabajo de Puerto Rico para investigar prácticas ilícitas, conferida por el Art. 7 de la Ley de Relaciones del Trabajo, 29 L.P.R.A. sec. 68. Ahora, sin embargo, sostiene todo lo contrario y arguye que el Tribunal Superior tenía jurisdicción sobre una de las causas de pedir en dicho pleito, la reclamación de daños por la suma de $1,000,000, por constituir ésta un pleito privado conforme lo resuelto en *Asoc. de Guardianes* v. *Bull Line*, 78 D.P.R. 714 (1955). Su posición se funda en que esta causa de acción comprendía los salarios dejados de devengar por los trabajadores despedidos y que la misma fue archivada por inactividad, al amparo de la Regla 11 de las Reglas para la Administración del Tribunal de Primera Instancia, lo que, a su juicio, constituye cosa juzgada. No tiene razón.

El argumento pierde de vista que la obligación de rembolsar a los trabajadores despedidos los salarios dejados de devengar forma parte integral de la facultad exclusiva de la Junta de efectuar la política pública adoptada en la Ley

---

(²) Dicha ley dispone, en lo pertinente:

"Ningún tribunal de justicia de Puerto Rico tendrá jurisdicción para expedir orden alguna de entredicho o de *injunction* preliminar o permanente en un caso que envuelva o que surja de una disputa obrera, salvo de estricta conformidad con las disposiciones de este Capítulo."

de Relaciones del Trabajo de Puerto Rico, Art. 9 (29 L.P.R.A. sec. 70(1)(b)). Por disposición expresa de la Ley, Art. 7 (29 L.P.R.A. sec. 68(a)), esta facultad exclusiva de la Junta para evitar la comisión de práctica ilícita no será afectada por ningún otro medio de ajuste o prevención. Véase, *F.S.E.* v. *J.R.T.*, 111 D.P.R. 505, 512–513 (1981).

En la jurisdicción federal la Ley Wagner también reconoce la autoridad de la Junta Nacional para ordenar la reposición de empleados, abonándose o no la paga retroactiva. 29 U.S.C.A. sec. 160(c). Bajo esta disposición se ha resuelto que tanto la orden de reposición como la paga retroactiva corresponden a la jurisdicción exclusiva de la Junta Nacional y no de los tribunales. *N.L.R.B.* v. *Armstrong Tire & Rubber Co., Tire Test Fl. Br.*, 263 F.2d 680 (5th Cir. 1959).

La ausencia de jurisdicción en el Tribunal Superior para entender en el caso CS-73-4473 impide a la Junta la aplicación de la defensa de cosa juzgada.

*Defensa de impedimento en equidad*

Tampoco tiene méritos el señalamiento de error relacionado con la desestimación de la defensa de impedimento en equidad. El argumento del Hospital consiste en que la actuación del oficial examinador, al disuadir a la Federación de continuar con la presentación de cargos de práctica ilícita cuando compareció por primera vez ante la Junta, constituye una renuncia por éste de su jurisdicción exclusiva.

Basta señalar que la Junta se negó a aplicar dicha defensa porque el Hospital no presentó prueba para sustanciarla. Se desprende de la propia Decisión y Orden de la Junta que el Hospital nunca citó al examinador para que testificara sobre el particular.

Pero, además, la defensa de impedimento en equidad, de ordinario, no procede cuando se trata de la ejecución de la política pública. En *Infante* v. *Tribl. Examina-*

*dor de Médicos*, 84 D.P.R. 308, 316 (1961), expresamos al respecto que esta defensa no puede aplicarse en las relaciones del ciudadano para con el Estado cuando hay de por medio una cuestión de intéres público, como la hay en el caso de autos.

Por último, señala el Hospital que incidió la Junta al determinar como cuestión de hecho que los empleados fueron despedidos por sus actividades gremiales, en violación a las leyes laborales.

Surge del expediente que la querella imputó al Hospital el haber despedido ilegalmente a 31 enfermeras, pero únicamente se presentó evidencia sobre ocho empleados. La Junta concluyó que sólo cinco de éstos habían sido despedidos ilegalmente por sus actividades gremiales.

La Ley de Relaciones del Trabajo expresamente limita la función revisora de este Tribunal en los procedimientos para poner en vigor las decisiones y órdenes de la Junta en los siguientes términos:

> . . . Las conclusiones de la Junta en cuanto a los hechos, si estuvieren respaldadas por la evidencia, serán concluyentes. 29 L.P.R.A. sec. 70(2)(a).

Hemos examinado el expediente y la transcripción de la prueba desfilada ante la Junta y quedamos convencidos de que existe evidencia sustancial para sostener que los cinco empleados despedidos lo fueron por sus actividades gremiales.

El apuntamiento relativo a la determinación de que el Hospital se negó a negociar de buena fe no tiene importancia. Ello es así porque la Junta se abstuvo de ordenar una acción afirmativa para remediar la práctica ilícita sobre negativa a negociar. Estimó prudente abstenerse de acción afirmativa en vista de que la ley federal fue enmendada el 25 de agosto de 1974, para conferirle jurisdicción a la Junta Nacional sobre los hospitales sin fines de lucro.

*Se dictará sentencia que ponga en vigor la orden de la Junta de Relaciones del Trabajo expedida el 29 de noviembre de 1978.*