EUSTAQUIO FIGUEROA CANCEL, demandante y recurrido, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, ETC., demandados y peticionarios; BAMERICAL CARIBBEAN FINANCE CO., INC., interventora y recurrida.

*Número:* O-83-54      *Resuelto:* 21 de octubre de 1983

*Miguel Pagán, Procurador General Interino,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo, recurrente; *Pedro M. Ortiz Ubiñas,* abogado del demandante recurrido; *Ángel L. Nieves Atienza,* abogado de la interventora recurrida; *Leticia M. Arza-Goderich,* abogada de Gelco Puerto Rico, Inc., *amicus curiae.*

PER CURIAM: En noviembre de 1980 el demandante, Eustaquio Figueroa Cancel ("el comprador"), adquirió de Rodi Wholesales, Inc. ("la vendedora") un automóvil nuevo mediante un contrato de venta condicional. El contrato fue cedido a la interventora, Bamerical Caribbean Finance Co.

El vehículo había sido importado por Corchado Motors ("la importadora") y adquirido por la vendedora. Se autorizó el levantamiento del coche por la importadora al presentar ésta un certificado oficial de pago de arbitrios al Departamento de Hacienda. Dado el hecho de que los documentos parecían estar en debido orden, la División de Vehículos de Motor del Departamento de Transportación y Obras Públicas registró el mismo a nombre del comprador.

En junio de 1982 el Departamento de Hacienda descubrió que, aunque el certificado había sido expedido en la forma requerida por persona debidamente autorizada, los arbitrios no habían sido cobrados. Se había defraudado el erario alegadamente por la importadora y funcionarios de Hacienda. El comprador y la interventora desconocían el fraude. El Estado Libre Asociado embargó inmediatamente el vehículo.

El comprador instó demanda contra el Estado para obtener la anulación del embargo y la devolución del vehículo, más daños. El tribunal de instancia dictó sentencia sumaria parcial a favor del comprador. Ha recurrido el Estado. Acordamos revisar, especialmente por el conflicto que existe sobre este particular entre salas del Tribunal Superior.

■ El Art. 74 de la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, Ley Núm. 2 de 20 de enero de 1956 (13 L.P.R.A. sec. 4074), dispone:

> Cualquier persona que posea un artículo tributable sobre el cual no se haya pagado el impuesto prescrito por este Subtítulo, vendrá obligado [sic] a pagar dicho impuesto tan pronto adquiera el artículo tributable en Puerto Rico.

El Art. 77(d) de la Ley faculta al Secretario de Hacienda a "embargar y vender en pública subasta las propiedades de cualquier persona que no haya pagado los impuestos, o penalidades fijad[o]s bajo este Subtítulo". El comprador acepta que los arbitrios no han sido satisfechos, pero sos-

tiene que su condición de adquirente de buena fe lo exime de la responsabilidad impuesta por la legislación citada.

■ El texto de la ley es claro. La enmienda efectuada por la Ley Núm. 12 de 29 de marzo de 1968 amplió su alcance y recalcó su objetivo de perseguir el fraude al sustituir el término "el consumidor", utilizado en la versión original del Art. 74, por la expresión "cualquier persona". Véase: 22 *Diario de Sesiones* 501 (1968). El propósito del Art. 74 se desprende no solo de su prístino texto, sino también de su historial. A preguntas sobre la difícil situación a que podrían enfrentarse compradores de buena fe, el presidente de la comisión concernida, señor Jorge Font Saldaña, contestó que "Estamos velando el contrabando, lo clandestino" y caracterizó la disposición como "una afirmación del derecho a cobrar". Transcripción mecanografiada de la audiencia pública celebrada por la Comisión de Hacienda de la Cámara de Representantes sobre el P. de la C. 1390, 2da vista, 6 de mayo de 1955, págs. 86–87.

Ante el problema de contrabando a que se enfrentó la Asamblea Legislativa al formular esta ley tenía para escoger varios caminos. Podía equiparar al comprador de buena fe de un vehículo sobre el cual no se han pagado arbitrios al comprador en plaza abierta de que habla el Art. 59 del Código de Comercio, 10 L.P.R.A. sec. 1154, lo cual hubiese impedido que el Departamento de Hacienda se resarciese mediante el embargo del vehículo. También podía darle la máxima protección al fisco e imponerle responsabilidad absoluta al comprador. La Asamblea Legislativa optó por lo segundo. No se ha argumentado ante nosotros, ni podría argumentarse, que la Constitución le veda a la Asamblea Legislativa tal camino.

■ En vista de lo tajante de las disposiciones concernidas de ley y de las circunstancias específicas de este pleito, no es imperativo expresarnos aquí sobre la invocabilidad o no contra el Estado en determinadas situaciones de las doctrinas de los propios actos, de impedimento en equidad y de

la buena fe. Véanse: *J.R.T.* v. *Hosp. de la Concepción*, 114 D.P.R. 372 (1983); *Del Rey* v. *J.A.C.L.*, 107 D.P.R. 348, 355 (1978); *Avon Products, Inc.* v. *Srio. del Trabajo*, 105 D.P.R. 803 (1977); *García Colón* v. *Srio. de Hacienda*, 99 D.P.R. 779 (1971); L. Díez-Picazo, *La doctrina de los propios actos*, Barcelona, Ed. Bosch, 1963, *passim;* J. Rovira Burgada, *El principio de los actos propios en materia fiscal*, 6 R.A.P. 259 (1951); F. Sainz Moreno, *La buena fe en las relaciones de la administración con los administrados*, 89 R.A.P. 293 (1979); Note, *The Emerging Concept of Tax Estoppel*, 40 Va. L. Rev. 313 (1954); Note, *Estoppel in Public Law—The Final Nail in the Coffin?*, 45 Mod. L. Rev. 87 (1982).

█ Tampoco es necesario que nos pronunciemos sobre los remedios disponibles al comprador en este género de casos. Algunas de las autoridades citadas discuten aspectos de esta cuestión.

En consideración a lo expuesto, *se revocará la sentencia recurrida.*

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión.