April 1, 1993

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1844

DANA MURPHY, in his Individual Capacity
and d/b/a as BENEVEST, INC.,

Plaintiff, Appellant,

v.

ANGEL F. GINORIO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen C. Cerezo, U.S. District Judge]

Before

Torruella and Stahl, Circuit Judges,

and Skinner,* Senior District Judge.

Maria Soledad Ramirez Becerra with whom Mercado & Soto was on

brief for appellant.
Maria Luisa Martinez with whom Lasa, Escalera & Reichard was on

brief for appellees.

March 30, 1993

*Of the District of Massachusetts, sitting by designation.

SKINNER, Senior District Judge.

This appeal arises from an order of the United States

District Court for the District of Puerto Rico, Honorable

Carmen Consuelo Cerezo, dismissing plaintiff's action for

his failure to post a $75,000 non-resident surety bond as

ordered by the court pursuant to District of Puerto Rico

Local Rule 304.

BACKGROUND

The plaintiff Dana Murphy, d/b/a Benevest, Inc.,1

brought suit against defendant AFG Broadcasting Corporation

and fifteen of its officers, directors, and agents, alleging

that they conspired to defraud Murphy in connection with an

investment in AFG Broadcasting. Murphy contends that he was

duped into investing more than $200,000 in AFG under the

false belief that AFG was licensed to operate a television

station in Arecibo, Puerto Rico. Plaintiff's complaint

asserted claims for compensatory and treble damages in

1 The legal relationship between Murphy and Benevest is
unclear. Benevest is identified in the complaint as a
corporation incorporated under the laws of Massachusetts
and, yet, the briefs filed with this court strongly suggest
that Benevest is not an entity separate from Murphy. On
appeal Murphy and Benevest have been treated as one entity;
this conclusion, however, does not affect the outcome of
this appeal.

-2-
2

excess of $5,000,000 under the Racketeer Influenced and

Corrupt Organizations Act, 18 U.S.C. 1961 et. seq. and the

Civil Code of Puerto Rico. The complaint also sought

$300,000 for costs, expenses, and attorneys' fees.

On November 21, 1991, defendants sought an order of the

court pursuant to Rule 304 requiring plaintiff to post a

non-resident bond in the amount of $500,000 to secure any

award to defendants of costs, expenses, and attorneys' fees.

Defendants also informed the court that they planned to move

to dismiss the action as res judicata. The motion, however,

was never filed or decided. Rule 304 states, in relevant

part:

When the plaintiff is domiciled outside of Puerto Rico
or is a foreign corporation, a bond shall be required
to secure the costs, expenses and attorneys' fees that
may be awarded. All proceedings in the action may be
stayed until bond is posted, which shall not be less
than $250.00. The Court may require an additional bond
upon a showing that the original bond is not sufficient
security, and may stay the proceeding in the action
until such additional bond is given.

After the lapse of sixty (60) days from the service of
the order requiring bond or additional bond, without
bond having been posted, the Court may dismiss the
action.

This rule shall be liberally interpreted in favor of

the plaintiff so as not to preclude his right to sue

through excessive bond requirement. Consistent with

this, the Court, for good cause shown, may dispense
with this requirement.

-3-
3

D.P.R.L.R. 304 (emphasis added). Murphy opposed the motion,

arguing that the bond request was excessive and would

preclude him from pursuing this action given his limited

financial resources.

On December 20, 1991, the district court issued a summary

order requiring Murphy to post a bond in the amount of

$75,000 within 90 days; failure to comply with the order

would result in the action being dismissed. Murphy filed

two motions for reconsideration in which he complained that

he had been unable to obtain the requisite bond because he

had neither sufficient income nor valuable property; that

the $75,000 security bond was excessive; that the court

failed to evaluate his ability to post the bond; and that as

a result of the court's order he was "economically helpless

to pursue a bonafide [sic] claim before this Honorable

Court." The district court denied both motions for

reconsideration and ultimately dismissed the action,

reasoning:

We note, at the onset that plaintiff is suing over
sixteen defendants, raising complex claims under the
RICO statute, breach of contract and tort claims.
Inasmuch as plaintiff is asking $300,000 to cover his
own costs, expenses, and attorney's fees, it should not
be out of line to consider that defendants would be
expected to incur in [sic] similar expenses. Plaintiff
does not deny that he was a party to the Superior court
cases upon which defendants will move for summary
judgment; rather, he asks that we order defendants to

-4-
4

provide him with certified transcripts of those
proceedings, as if they were never there.

Murphy timely filed a notice of appeal from the dismissal.

ANALYSIS

The purpose of Rule 304 is to ensure that a prevailing

party will be able to collect a judicial award of costs,

expenses, and attorneys' fees from a non-resident litigant,

who probably has no assets in and few ties to the forum.

Santa Molina v. Urban Renewal and Hous. Corp., 14 Official

Translations of the Supreme Court of Puerto Rico 382, 385,

114 P.R. Dec. 382, 385 (P.R. 1983) (finding constitutional

the parallel rule of the state court). While recognizing

the legitimate interest served by the rule, courts have

emphasized that it must be carefully applied to avoid

depriving a plaintiff, who may have few financial resources

but a legitimate claim, of the opportunity to have a court

decide his claim on the merits. See Aggarwal v. Ponce Sch.

of Medicine, 745 F.2d 723, 728 (1st Cir. 1984) ("The rule is

a scalpel, to be used with surgical precision as an aid to

the even-handed administration of justice, not a bludgeon to

be employed as an instrument of oppression."); Santa Molina,

114 P.R.R. at 385 (inferring the lawmaker's intention to

open the doors of courthouses to poor litigants). A trial

-5-
5

court enjoys wide discretion in administering procedural

matters, including the question of security costs. Thus, we

review the court's decision only for an abuse of discretion.

Aggarwal, 745 F.2d at 726-27.

This appeal falls comfortably within Aggarwal v. Ponce

School of Medicine where we vacated an order of a district

court that dismissed an action for plaintiff's failure to

post a $5,000 non-resident bond. Id. at 729. In Aggarwal,

as in this case, the district court failed to consider

plaintiff's ability to post bond. Id. at 727-28. Rule 304

demands that a court consider at least three factors before

imposing a non-resident bond: (1) the plaintiff's

probability of success on the merits, and the background and

purpose of the suit; (2) the reasonable extent of the

security to be posted, if any, viewed from the defendant's

perspective; and (3) the reasonable extent of the security

to be posted, if any, viewed from the nondomiciliary

plaintiff's perspective. Id. Moreover, whenever a bond is

set in excess of the statutory $250 minimum, the trial court

should evidence on the record its careful consideration of

each of these factors. See id. at 727 n.1, 728-29.

In this case, it appears that the district court failed

to consider Murphy's economic circumstances, his ability to

-6-
6

post the $75,000 bond, and the potentially preclusive effect

of the bond requirement on his ability to pursue litigation.

Certainly, no such findings were made in either of the

judge's opinions that addressed the bond requirement.

Though the court below expressly considered several highly

relevant factors, including the large number of named

defendants, the complex nature of the suit, and its low

probability for success on the merits, the court never

addressed plaintiff's oft repeated contention that he was

incapable of posting a $75,000 bond. Appellees' contend

that though the trial court did not specifically address the

reasonableness of the bond requirement from the plaintiff's

perspective, it did consider some of the factors relevant to

Rule 304. This argument, however, is plainly at odds with

our holding in Aggarwal. Id. at 727 (absent a trial court's

consideration of the plaintiff's ability to post a bond, the

court's findings "comprise, at best, two-thirds of the

equation").

Appellees also complain that Murphy has relied upon

conclusory and sometimes contradictory allegations

concerning his financial condition, and that he has not

proven his inability to post the bond. Murphy has

identified himself at various times as self-employed, the

-7-
7

president and sole shareholder of Benevest, and an officer

of Scanner International. Moreover, there is no information

before the court concerning the financial resources, if any,

of Benevest. Indeed, as previously noted, it is not clear

whether Benevest is a separate entity. In spite of these

shortcomings, plaintiff, however, has done what he must. He

raised the issue before the trial court and submitted

affidavits identifying his annual salary, stating that he

has no substantial assets, and describing his unsuccessful

attempts to secure a bond. The error lies not in what

plaintiff has offered as evidence, but in that the court

failed even to consider the evidence offered by the

plaintiff. Nevertheless, the district court will need to

resolve these issues on remand before it can set an

appropriate bond requirement, if one is imposed at all.

We vacate the district court's order not simply because

the court below failed to follow a formalistic three-pronged

evaluation, but rather because the trial court's approach

comes dangerously close to making judicial access a

privilege for only the most financially secure. "While it

is neither unjust nor unreasonable to expect a suitor `to

put

-8-
8

his money where his mouth is,' toll-booths cannot be placed

across the courthouse doors in a haphazard fashion." Id. at

728 (citation omitted).

The judgment of the district court is vacated and the

case is remanded to the district court for further

consideration of the criteria for imposing a bond described

above.

-9-
9