USCA1 Opinion

 

 April 1, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1844 DANA MURPHY, in his Individual Capacity and d/b/a as BENEVEST, INC., Plaintiff, Appellant, v. ANGEL F. GINORIO, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen C. Cerezo, U.S. District Judge] ___________________ ____________________ Before Torruella and Stahl, Circuit Judges, ______________ and Skinner,* Senior District Judge. _____________________ ____________________ Maria Soledad Ramirez Becerra with whom Mercado & Soto was on ______________________________ _______________ brief for appellant. Maria Luisa Martinez with whom Lasa, Escalera & Reichard was on _____________________ ___________________________ brief for appellees. ____________________ March 30, 1993 ____________________ _____________________ *Of the District of Massachusetts, sitting by designation. SKINNER, Senior District Judge. ______________________ This appeal arises from an order of the United States District Court for the District of Puerto Rico, Honorable Carmen Consuelo Cerezo, dismissing plaintiff's action for his failure to post a $75,000 non-resident surety bond as ordered by the court pursuant to District of Puerto Rico Local Rule 304. BACKGROUND BACKGROUND __________ The plaintiff Dana Murphy, d/b/a Benevest, Inc.,1 brought suit against defendant AFG Broadcasting Corporation and fifteen of its officers, directors, and agents, alleging that they conspired to defraud Murphy in connection with an investment in AFG Broadcasting. Murphy contends that he was duped into investing more than $200,000 in AFG under the false belief that AFG was licensed to operate a television station in Arecibo, Puerto Rico. Plaintiff's complaint asserted claims for compensatory and treble damages in ____________________ 1 The legal relationship between Murphy and Benevest is unclear. Benevest is identified in the complaint as a corporation incorporated under the laws of Massachusetts and, yet, the briefs filed with this court strongly suggest that Benevest is not an entity separate from Murphy. On appeal Murphy and Benevest have been treated as one entity; this conclusion, however, does not affect the outcome of this appeal. -2- 2 excess of $5,000,000 under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961 et. seq. and the Civil Code of Puerto Rico. The complaint also sought $300,000 for costs, expenses, and attorneys' fees. On November 21, 1991, defendants sought an order of the court pursuant to Rule 304 requiring plaintiff to post a non-resident bond in the amount of $500,000 to secure any award to defendants of costs, expenses, and attorneys' fees. Defendants also informed the court that they planned to move to dismiss the action as res judicata. The motion, however, ____________ was never filed or decided. Rule 304 states, in relevant part: When the plaintiff is domiciled outside of Puerto Rico or is a foreign corporation, a bond shall be required to secure the costs, expenses and attorneys' fees that may be awarded. All proceedings in the action may be stayed until bond is posted, which shall not be less than $250.00. The Court may require an additional bond upon a showing that the original bond is not sufficient security, and may stay the proceeding in the action until such additional bond is given. After the lapse of sixty (60) days from the service of the order requiring bond or additional bond, without bond having been posted, the Court may dismiss the action. This rule shall be liberally interpreted in favor of _______________________________________________________ the plaintiff so as not to preclude his right to sue _______________________________________________________ through excessive bond requirement. Consistent with _____________________________________ this, the Court, for good cause shown, may dispense with this requirement. -3- 3 D.P.R.L.R. 304 (emphasis added). Murphy opposed the motion, arguing that the bond request was excessive and would preclude him from pursuing this action given his limited financial resources. On December 20, 1991, the district court issued a summary order requiring Murphy to post a bond in the amount of $75,000 within 90 days; failure to comply with the order would result in the action being dismissed. Murphy filed two motions for reconsideration in which he complained that he had been unable to obtain the requisite bond because he had neither sufficient income nor valuable property; that the $75,000 security bond was excessive; that the court failed to evaluate his ability to post the bond; and that as a result of the court's order he was "economically helpless to pursue a bonafide [sic] claim before this Honorable Court." The district court denied both motions for reconsideration and ultimately dismissed the action, reasoning: We note, at the onset that plaintiff is suing over sixteen defendants, raising complex claims under the RICO statute, breach of contract and tort claims. Inasmuch as plaintiff is asking $300,000 to cover his own costs, expenses, and attorney's fees, it should not be out of line to consider that defendants would be expected to incur in [sic] similar expenses. Plaintiff does not deny that he was a party to the Superior court cases upon which defendants will move for summary judgment; rather, he asks that we order defendants to -4- 4 provide him with certified transcripts of those proceedings, as if they were never there. Murphy timely filed a notice of appeal from the dismissal. ANALYSIS ANALYSIS ________ The purpose of Rule 304 is to ensure that a prevailing party will be able to collect a judicial award of costs, expenses, and attorneys' fees from a non-resident litigant, who probably has no assets in and few ties to the forum. Santa Molina v. Urban Renewal and Hous. Corp., 14 Official _______________________________________________ Translations of the Supreme Court of Puerto Rico 382, 385, 114 P.R. Dec. 382, 385 (P.R. 1983) (finding constitutional the parallel rule of the state court). While recognizing the legitimate interest served by the rule, courts have emphasized that it must be carefully applied to avoid depriving a plaintiff, who may have few financial resources but a legitimate claim, of the opportunity to have a court decide his claim on the merits. See Aggarwal v. Ponce Sch. ____________ _____________ of Medicine, 745 F.2d 723, 728 (1st Cir. 1984) ("The rule is ___________ a scalpel, to be used with surgical precision as an aid to the even-handed administration of justice, not a bludgeon to be employed as an instrument of oppression."); Santa Molina, ____________ 114 P.R.R. at 385 (inferring the lawmaker's intention to open the doors of courthouses to poor litigants). A trial -5- 5 court enjoys wide discretion in administering procedural matters, including the question of security costs. Thus, we review the court's decision only for an abuse of discretion. Aggarwal, 745 F.2d at 726-27. ________ This appeal falls comfortably within Aggarwal v. Ponce __________________ School of Medicine where we vacated an order of a district __________________ court that dismissed an action for plaintiff's failure to post a $5,000 non-resident bond. Id. at 729. In Aggarwal, ___ ________ as in this case, the district court failed to consider plaintiff's ability to post bond. Id. at 727-28. Rule 304 ___ demands that a court consider at least three factors before imposing a non-resident bond: (1) the plaintiff's probability of success on the merits, and the background and purpose of the suit; (2) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (3) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective. Id. Moreover, whenever a bond is ___ set in excess of the statutory $250 minimum, the trial court should evidence on the record its careful consideration of each of these factors. See id. at 727 n.1, 728-29. _______ In this case, it appears that the district court failed to consider Murphy's economic circumstances, his ability to -6- 6 post the $75,000 bond, and the potentially preclusive effect of the bond requirement on his ability to pursue litigation. Certainly, no such findings were made in either of the judge's opinions that addressed the bond requirement. Though the court below expressly considered several highly relevant factors, including the large number of named defendants, the complex nature of the suit, and its low probability for success on the merits, the court never addressed plaintiff's oft repeated contention that he was incapable of posting a $75,000 bond. Appellees' contend that though the trial court did not specifically address the reasonableness of the bond requirement from the plaintiff's perspective, it did consider some of the factors relevant to _____ Rule 304. This argument, however, is plainly at odds with our holding in Aggarwal. Id. at 727 (absent a trial court's ________ ___ consideration of the plaintiff's ability to post a bond, the court's findings "comprise, at best, two-thirds of the equation"). Appellees also complain that Murphy has relied upon conclusory and sometimes contradictory allegations concerning his financial condition, and that he has not proven his inability to post the bond. Murphy has ______ identified himself at various times as self-employed, the -7- 7 president and sole shareholder of Benevest, and an officer of Scanner International. Moreover, there is no information before the court concerning the financial resources, if any, of Benevest. Indeed, as previously noted, it is not clear whether Benevest is a separate entity. In spite of these shortcomings, plaintiff, however, has done what he must. He raised the issue before the trial court and submitted affidavits identifying his annual salary, stating that he has no substantial assets, and describing his unsuccessful attempts to secure a bond. The error lies not in what plaintiff has offered as evidence, but in that the court failed even to consider the evidence offered by the ________ plaintiff. Nevertheless, the district court will need to resolve these issues on remand before it can set an appropriate bond requirement, if one is imposed at all. We vacate the district court's order not simply because the court below failed to follow a formalistic three-pronged evaluation, but rather because the trial court's approach comes dangerously close to making judicial access a privilege for only the most financially secure. "While it is neither unjust nor unreasonable to expect a suitor `to put -8- 8 his money where his mouth is,' toll-booths cannot be placed across the courthouse doors in a haphazard fashion." Id. at ___ 728 (citation omitted). The judgment of the district court is vacated and the __________________________________________________________ case is remanded to the district court for further ____________________________________________________________ consideration of the criteria for imposing a bond described ____________________________________________________________ above. ______ -9- 9