Rossy García, Juez Ponente
*1058 TEXTO COMPLETO DE LA SENTENCIA
El recurso instado en el caso de epígrafe interesa la revisión y revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, mediante la cual dicho foro denegó la moción de desestimación interpuesta por los aquí demandados-peticionarios. La referida moción estaba predicada en la doctrina de cosa juzgada, en su vertiente de aplicabilidad entre las agencias y los tribunales. Al así dictaminar, y luego de determinar que "esta doctrina es aplicable a casos donde se haya decidido un pleito por tribunal o agencia administrativa con jurisdicción", la sala sentenciadora concluyó que DACO, foro administrativo ante el cual la parte demandante había presentado originalmente su reclamación, "caree[ía] de jurisdicción para resolver un planteamiento de acción decenal, pues es a los tribunales a quien le compete evaluar la misma". En su virtud, declaró NO HA LUGAR la referida moción. 
Inconforme con dicho dictamen e invocando los mismos fundamentos esgrimidos ante el foro de instancia, los demandados-peticionarios interpusieron el recurso que nos ocupa, en el que imputan, como único señalamiento de error, que incidió el foro de instancia al denegar la moción de desestimación por ellos promovida.
Considerado como fue el recurso, emitimos resolución sobre mostración de causa por la cual no debíamos expedir el auto solicitado para revocar el dictamen recurrido. Habiendo transcurrido en exceso el término concedido a tales efectos sin que los recurridos hayan atendido nuestro requerimiento, procedemos a resolver sin el beneficio de la comparecencia de éstos, según intimado. Al tenor, y luego de un análisis de los autos a la luz del derecho aplicable y su jurisprudencia interpretativa, se expide el auto de certiorari peticionado y se revoca la resolución recurrida.
I
El 25 de mayo de 1993, las partes de epígrafe formalizaron un contrato privado por cuyos términos el Sr. Wilfredo Román García (Sr. Román) se obligó para con el Sr. Roger Grajales Ocasio (Sr. Grajales) a la ejecución de una obra de construcción de una estructura que sería destinada por este último para fines de vivienda. Según surge de las cláusulas contractuales de dicho acuerdo, la construcción incluia la instalación de loza para cubrir el piso de la residencia, la que de hecho fue adquirida de la empresa Terrazos Cofresí, Inc., e instalada por el Sr. Román.
*1059 Obtenidos como fueron los permisos de uso de las correspondientes agencias de gobierno una vez concluida la referida obra, el 26 de abril de 1994 el Sr. Roman entregó la estructura para su uso residencial al Sr. Grajales, dueño de la misma. Así las cosas, con posterioridad a dicho momento el Sr. Grajales observó que de la loza de terrazo se desprendían las piedras ornamentales y pedazos de las mismas. Observó, además, que soltaban polvillo y se apreciaban pulverizadas, a raíz de lo cual le reclamó al Sr. Román. A pesar de que este último intentó corregir los defectos señalados, sus esfuerzos fueron infructuosos. Asimismo resultaron ineficaces las gestiones que realizara con los fabricantes de las controvertidas lozas, Terrazos Cofresí. Inconforme con dicha situación, el 14 de agosto de 1995 el Sr. Grajales instó una querella ante el Departamento de Asuntos del Consumidor (DACO), Oficina Regional de Arecibo, en la que incluyó como querellados al Sr. Román y a Terrazos Cofresí. En su virtud, peticionó que se evaluara el terrazo y se obligara a dichas partes querelladas a sufragar los costos de remoción y reinstalación de las lozas defectuosas, así como de otros gastos relacionados. 
Atendida como fue la querella, y luego de los trámites procesales de rigor, el DACO celebró una Vista Administrativa "[c]on elfin de dilucidar todo lo concerniente a la querella de epígrafe", la que tuvo lugar el 1ro. de mayo de 1996. Según se desprende de la resolución que recogiera los eventos allí acaecidos, en dicha ocasión comparecieron todas las partes, querellante y querellados, y aportaron prueba testifical y documental en apoyo a las respectivas contenciones. Sometida como quedó la controversia ante la consideración del oficial examinador, con fecha de 24 de junio de 1996 dicho funcionario emitió resolución en la cual formuló determinaciones de hechos y conclusiones de derecho, entre las cuales determinó que "[la loza del piso en la residencia del querellante Sr. Grajales] fue debidamente instalada”. Ello no obstante, desestimó la querella instada "por prescripción de la causa de acción".
Dicho dictamen administrativo fue debidamente notificado, siendo informado el querellante del derecho que le asistía a solicitar la reconsideración y posterior revisión judicial del mismo, así como de los términos jurisdiccionales aplicables. Fue así como el querellante, aquí recurrido, presentó moción en solicitud de reconsideración ante el DACO, la que le fue denegada. Asimismo, en la orden que acompañó dicha resolución el Sr. Grajales fue advertido de que contra las disposiciones de dicho dictamen sólo procedía la revisión judicial. De igual forma, fue apercibido de que el término de que disponía para así optar era de treinta (30) días a partir del archivo en autos de dicha notificación, el que expiró el 22 de julio de 1996. Transcurrido dicho plazo sin que el querellante recurriera en revisión judicial, la resolución así notificada advino final y firme.
Con este trasfondo, surge que el 9 de octubre de 1996 el Sr. Grajales acudió al Tribunal de Primera Instancia instando una demanda independiente, pleito que denominó "Acción decenal por ruina". De una somera lectura de sus alegaciones se desprende que la parte demandante nos refiere a los mismos hechos hasta aquí reseñados: la formalización del contrato suscrito entre el Sr. Román y el Sr. Grajales para la construcción de su residencia; que como parte del referido acuerdo se incluia la instalación de lozas en el piso; que de las referidas lozas empezaron a desprenderse piedras ornamentales y pedazos de la misma; que le reclamó al demandado Sr. Román; que éste no pudo corregir el defecto; y que dicha parte se negaba a asumir su responsabilidad como contratista para responder por los alegados daños. Evidente resulta que tanto las alegaciones allí incluidas, como el remedio solicitado por el ahora demandante Sr. Grajales, constituyen una reproducción de lo alegado y peticionado en la querella por él instada ante el DACO, excepción hecha de la no inclusión de Terrazos Cofresí como parte en este pleito y de haber obviado mencionar en la misma su gestión previa ante dicho foro administrativo y todo lo referente a la misma.
Emplazados como fueron los demandados, presentaron su contestación a la demanda. En *1060 ésta aceptaron la relación contractual alegada y negaron toda alegación de incumplimiento y, en particular, la existencia de defectos en la instalación de las lozas. En oposición y como defensa afirmativa, entre otras, invocaron el fallo emitido por el DACO adjudicando la misma controversia y reclamación, dictamen administrativo que advino final y firme y que constituia impedimento para la acción ahora instada. Levantaron así, a tales efectos, la defensa de cosa juzgada. 
Definida como quedó la controversia y luego de hacer uso las partes de los mecanismos de descubrimiento de prueba, los demandados peticionarios presentaron una moción de desestimación, la que apoyaron en prueba documental complementaria, invocando como fundamento desestimatorio la defensa de cosa juzgada. Fue en tales circunstancias, y habiendo replicado los demandantes-recurridos dicha moción, que la sala sentenciadora emitió el dictamen ahora recurrido. Según indicado, al juzgar que "la [presente] acción que se trae a la atención del Tribunal es una al amparo del Artículo 1483 del Código Civil; que esto no es un asunto técnico de los cuales tiene el expertise la agencia administrativa; [y que] DACO caree [ía] de jurisdicción para resolver un planteamiento decenal", dicho foro la declaró "NO HA LUGAR”. Al así resolver, incidió.
II
La doctrina de cosa juzgada, o res judicata, cuya base estatutaria la encontramos en el Artículo 1204 del Código Civil, 31 L.P.R.A. see. 3343, tiene el efecto de evitar que en un pleito posterior se litiguen cuestiones que ya fueron o que pudieron haber sido litigadas y adjudicadas en un pleito anterior entre las mismas partes y sobre la misma causa de acción y cosas. Pagán Hernández v. U.P.R., 107 D.P.R. 720, 733 (1978); Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 950 (1972); Isaac Sánchez v. Universal C.I.T. Credit, 95 D.P.R. 372, 382 (1967). (Enfasis nuestro). Dicha doctrina está cimentada en consideraciones de necesidad y orden público y tiene como propósito cardinal poner fin a los litigios luego de haber sido adjudicados de forma definitiva, así como garantizar la certeza y la seguridad con respecto a los derechos declarados por resolución judicial, evitando gastos adicionales para el Estado y para los litigantes. Worldwide Food Dist. v. Colón Bermúdez, 135 D.P.R. _ (1993), 93 J.T.S. 114, a la pág. 10966. Es decir, se pretende dar virtualidad al interés del Estado en que se le ponga fin a los litigios, dando a la vez debida dignidad a los fallos de los tribunales. Por otro lado, constituye esta doctrina, cuando es aplicable, vehículo para que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. Pérez v. Bauzá, 83 D.P.R. 220, 225 (1961). Precisamente sobre la base de este propósito de promover la finalidad y reposo de las controversias judiciales se ha resuelto en reiteradas ocasiones que, como regla general, una sentencia tiene efecto de cosa juzgada aunque sea errónea. Ramos González v. Félix Medina, 121 D.P.R. 312, 339 (1988). (Enfasis nuestro).
Aunque la doctrina bajo estudio típica y originalmente surtía su efecto en el ámbito judicial, el desarrollo del derecho administrativo ha hecho que la misma se haya adoptado en dicho campo, observándose que su aplicación tiene tres vertientes, a saber, (a) dentro de la misma agencia a sus propias decisiones; (b) interagencialmente, es decir, de una agencia a otra y entre las agencias y los tribunales. Pagán Hernández v. U.P.R., supra, pág. 733. Así, al considerar esta última vertiente, el alto foro ha expresado que "[cjuando una agencia administrativa actúa en una capacidad judicial y resuelve controversias de hechos ante sí, las cuales las partes han podido litigar en forma oportuna y adecuada, los tribunales no han vacilado en aplicar la doctrina de cosa juzgada para imponer descanso a la controversia", Id., a la pág. 736. Aclarando, de otra parte, que aunque las razones para su aplicación deben estar presentes con toda su fuerza y que la misma es flexible y depende de la cuestión que se plantea en el ámbito judicial -por ejemplo, si lo que está envuelto es una cuestión de alto interés público- juzgó, no obstante, que "es clara la vigencia de la doctrina de cosa juzgada en los tribunales en virtud de procedimientos administrativos", Rodríguez Oyola v. Machado Díaz, 137 D.P.R. _ (1994), 94 J.T.S. 82, pág. 12006, resultando evidente, además, que los *1061 propósitos perseguidos son los mismos: investir de finalidad a las controversias dando la debida dignidad y reposo a los fallos judiciales o cuasi judiciales, y reducir a un mínimo la posibilidad de que un ciudadano sea arrastrado a defender la misma causa en distintos foros.
Veamos ahora si en la situación particular del caso que nos ocupa están presentes los presupuestos que harían procedente la aplicación de la doctrina de cosa juzgada, a saber: que entre el caso resuelto y aquél en que se invoca la defensa concurra la más perfecta identidad entre los objetos o cosas, las causas, las personas de los litigantes, y la calidad con que lo fueron. Artículo 1204 del Código Civil, supra. Se requiere además, que la sentencia se haya dictado con jurisdicción y en ausencia de fraude. Lausell Marxuach v. Díaz de Yáñez, 103 D.P.R. 533, 537 (1975).
Considerando inicialmente el requisito de identidad de cosas, la jurisprudencia ha definido la "cosa" como "el objeto o materia sobre la cual se ejercita la acción". A. & P. General Contractors v. Asociación Caná, 110 D.P.R. 753, 764 (1981). Un criterio certero para determinar la identidad del objeto es el siguiente: "si un juez está expuesto a contradecir una decisión anterior afirmando un derecho nacido o naciente, hay identidad de objeto y cosa juzgada". Lausell Marxuach v. Díaz de Yáñez, supra, a la pág. 535. En cuanto a este extremo nos comenta Scaevola:
"Puede tratarse de la absoluta identidad, en el sentido de que el segundo pleito se refiera a la finca objeto mismo sobre que versó el primero, pero en general basta que se refiera al mismo asunto, aunque en el uno se abordase totalmente y sólo parcialmente en el otro, y aunque las cosas hayan sufrido disminución o alteración desde el primero al segundo, que afecte su valor o alguna otra de sus condiciones." Scaevola, Comentarios al Código Civil Español, 2da. ed., Madrid, 1958, Tomo XX, pág. 534.
No debe existir duda alguna en cuanto a que en el caso de autos está presente este primer requisito para que se pueda dar aplicación a la doctrina de cosa juzgada. Basta con señalar que el "objeto o materia sobre la cual se ejercita la acción", tanto en la querella QA-96-155-C como en el caso A1CI9601312, lo son las lozas y la labor realizada por el demandado recurrente, Sr. Román, aun cuando el foro administrativo considerara, igualmente, la calidad de dicho producto. De otra parte, claro resulta que si en el actual litigio el foro de instancia le imputara la responsabilidad reclamada al Sr. Román, estaría afirmando un derecho naciente a favor del Sr. Grajales, contradiciendo lo resuelto por DACO, que exoneró a aquél de responsabilidad alguna al determinar que las lozas fueron instaladas debidamente, para luego desestimar la querella por prescripción de la causa de acción.
En lo atinente al requisito de identidad de causa, se refiere al "motivo de pedir", lo cual significa el fundamento capital u origen de las acciones o excepciones planteadas y resueltas. Scaevola, supra, a la pág. 535. Sobre el concepto de identidad de causa, el Tribunal Supremo de Puerto Rico recogió la trayectoria jurisprudencial en la decisión de Mercado Riera v. Mercado Riera, supra, y concluyó que el factor determinante de la identidad de causa era si las dos acciones "constituyen o no una misma causa de acción", no en el sentido de que el título de la reclamación sea el mismo (e.g. "cobro de dinero"), sino en el sentido de que el motivo de la demanda tenga el mismo origen. Id., a la pág. 951. (Enfasis nuestro). En el caso que nos ocupa, también existe identidad en la causa o "motivó de pedir", ya que las dos acciones incoadas por la aquí apelante tienen su origen en la obligación contraída por el Sr. Román de instalar las controvertidas lozas en el piso como parte de la obra de construcción de la residencia del Sr. Grajales.
En lo que respecta a la identidad de los litigantes, ninguna controversia puede existir en cuanto a que se cumple con esta exigencia, por ser las personas de los litigantes las mismas partes en ambos pleitos. En cuanto a este extremo, el propio Artículo 1204 del Código Civil, *1062 supra, dispone que "se entiende que hay identidad de personas siempre que los litigantes en el segundo pleito sean causahabientes de los que entendieron en el pleito anterior, o estén unidos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones" 31 L.P.R.A. sec. 3343. De otra parte, debémos consignar que, en el caso de autos, el hecho de que la esposa del Sr. Grajales o la sociedad de gananciales no hayan sido partes en la querella instada por el Sr. Grajales en DACO, no derrota la concurrencia de este requisito toda vez que en nuestra jurisdicción priva la regla de mutualidad, o "privity”, que prohibe la alegación de cosa juzgada "contra una parte...a menos que ésta fuera parte original o se hallare en relación mutua con otra...". Del Toro Lugo v. E.L.A., 138 D.P.R. _ (1994), 94 J.T.S. 119, pág. 165, y casos allí citados (nota al calce 13). No hay duda de que en el caso de autos no es tal situación la que contemplamos, ya que dichas partes están en relación de mutualidad con el Sr. Grajales, por lo que ningún impedimento existe para la concurrencia de dicho requisito. Al tenor, "una sentencia dictada después de mediar una... contienda... es... obligatoria y concluyente entre las partes y los que con éstas tengan nexos jurídicos". Lebrón v. P.R. Ry. Lt. & P. Co., 78 D.P.R. 683, 694 (1955), nota al calce núm. 6. Al atender el cuarto requisito, Manresa nos advierte que la calidad en que las partes litiguen "no puede confundirse con la respectiva situación procesal de actor o reo, porque entonces el demandado en el primer pleito, con sólo demandar él luego, podría renovar la cuestión ya fallada". José María Manresa y Navarro, VIII Comentarios al Código Civil Español, Vol. II, 5ta. ed., Ed. Reus, Madrid (1950), pág. 243. Así, la calidad en que las partes lo fueron queda referida a la relación que guardan tales litigantes con los derechos y acciones que se ejercitan y, de esta forma, cabrá que renueve un litigio el que por derecho propio reclame una cosa, si luego lo hace como mandatario, cesionario o heredero de otra persona. Id., a las págs. 243-244. Al aplicar esta exigencia al caso de autos, ninguna controversia existe de que, en ambos pleitos que consideramos, el Sr. Grajales ejercita el mismo alegado derecho que le asiste de reclamarle al Sr. Román por las lozas instaladas, exhibiendo dicha parte la misma calidad de querellante-demandante en ambos pleitos (Sr. Grajales) instando uha reclamación contra un mismo querellado-demandado (Sr. Román).
En la consideración del último requisito, y según ya indicado, para que la presunción de cosa juzgada pueda tener su efecto preelusivo, se requiere que se haya emitido un dictamen válido adjudicando con finalidad la reclamación de que se trate. Ello presupone que el fallo original que luego se invoca en apoyo de la defensa haya sido dictada por un foro con jurisdicción. Así, se ha resuelto en reiteradas ocasiones que "[e]s requisito indispensable para la aplicación de la defensa de cosa juzgada que el [foro de que se trate] haya actuado con jurisdicción", J.R.T. v. Hospital de la Concepción, 114 D.P.R. 372, 381 (1983); Tartak v. Tribunal de Distrito, 74 D.P.R. 862, 870 (1953); Muñoz v. Pardo, 68 D.P.R. 612, 616-618 (1948), pues concluir lo contrario sería incompatible con el requisito de que la decisión anterior haya resuelto en sus méritos la controversia jurídica de que se trate.
En el caso que nos ocupa esta última exigencia también está presente, toda vez que, con claridad meridiana, el DACO adjudicó la responsabilidad del Sr. Román cuando consignó en su resolución que "[la loza] fue debidamente instalada" y, aun cuando de igual forma pasó juicio sobre la calidad de la misma, juzgó que la reclamación del Sr. Grajales estaba prescrita. Como sabemos, una decisión que desestima una acción por razón de prescripción -materia sustantiva así reconocida en nuestro derecho- aunque sea errónea, constituye una adjudicación en los méritos de la controversia planteada, con efecto de cosa juzgada. Ramos González v. Félix Medina, supra, pág. 339.
Ahora bien, sobre este requisito de jurisdicción debemos dejar claramente consignado que resulta totalmente inmeritorio y carente de fundamento jurídico la posición asumida por el foro recurrido de que el DACO carecía de jurisdicción porque la reclamación del Sr. Grajales es una típica sobre la cual son los foros judiciales los llamados tradicionalmente a ejercer su jurisdicción. Lo anteriormente dicho no obstante, si bien es cierto que un foro judicial pudo *1063 haber entrado a dilucidar la reclamación hecha por el Sr. Grajales en primera instancia, ninguna duda debe existir de que el DACO —foro escogido originalmente por dicha parte para dirimir la controversia que aquél planteara ante su consideración— estaba facultado de pleno derecho para así hacerlo. Al respecto véase Josefina Magriz et al. v. Empresas Nativas et al., _ D.P.R. _, 97 J.T.S. 55, caso en el cual el Tribunal Supremo devuelve el expediente al DACO para que dicho foro dilucidara en sus méritos la querella de los demandantes atinente a "varios defectos de construcción, tales como...la existencia de lozetas rotas, rayadas y sin pulir...". Id., págs. 942, 945. A su vez, ello responde a los fines de la existencia misma del DACO, órgano administrativo que "tendrá como propósito primordial vindicar e implementar los derechos del consumidor", 30 L.P.R.A. sec. 341b, el cual cumpliría mediante los poderes y facultades delegados al Secretario, los que incluyen, entre otros, "...(c) [ajtender, investigar y resolver las quejas y querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía [y] (d) [pjoner en vigor, implementar y vindicar los derechos de los consumidores, tal como están contenidos en todas las leyes vigentes, a través de una estructura de adjudicación administrativa con plenos poderes para adjudicar las querellas que se traigan ante su consideración y conceder los remedios pertinentes conforme a derecho...". 30 L.P.R.A. see. 34le. Frente a las amplias facultades que el legislador allí le reconoció al DACO, resulta claro que entre las "leyes vigentes" que dicho foro administrativo ha sido llamado a implementar están aquéllas contenidas en nuestro Código Civil en tanto y en cuanto las mismas estén relacionadas a los derechos de los consumidores, característica con la cual está investida la que aquí consideramos (Art. 1483, supra). Al concluir lo contrario y fundar, además, su resolución en dicha alegada falta de jurisdicción del DACO, el foro recurrido incidió. Alcanzada esta determinación y estando presentes, además, todos los requisitos que harían procedente la aplicación de la doctrina de cosa juzgada, evidente resulta que la resolución dictada por el foro recurrido no puede prevalecer.
Resulta procedente, en consecuencia, expedir el auto solicitado para emitir sentencia revocatoria del dictamen recurrido para disponer la desestimación del caso.
III
Por los fundamentos expuestos y en mérito de lo que antecede, se emite sentencia revocatoria de la resolución recurrida y se dispone la desestimación de la demanda instada por los aquí recurridos.
Lo acuerda y manda el Tribunal y así lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 84
1. Véase Resolución recurrida, Apéndice del Recurso, págs. 29-30.
2. Véase Querella QA96-155C, Apéndice del recurso, pág. 11.
3. Véase Resolución del DACO de 24 de junio de 1996, Apéndice del recurso, pág. 17.
4. Id., Determinación de Hechos número 4, pág. 18.
5. Véase Contestación a Demanda, Apéndice del Recurso, págs. 4-5.
6. En lo pertinente, dicho artículo dispone que "[e]l contratista de un edificio que se arruinase por vicios de la construcción, responde de los daños y perjuicios de la ruina si la ruina tuviere lugar dentro de diez años, *1064 contados desde que concluyó la construcción...". 31 L.P.R.A. see. 4124.
7. Dicho artículo dispone, en lo que resulta pertinente, como sigue:
"Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquel en que sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. "31 L.P.R.A. see. 3343.
8. En dicha decisión, el Tribunal Supremo enumeró algunos criterios esbozados por la jurisprudencia norteamericana que facilitan al juzgador en su determinación relativa a si existe identidad de causa, tales como "(1) si el mismo derecho ha sido infringido por la misma violación, (2) si hay una identidad tal que una sentencia diferente en la segunda acción destruiría y afectaría derechos o intereses establecidos por la primera sentencia, (3) identidad de fundamentos, (4) si la misma evidencia sostendría ambas sentencias". Id., a la pág. 951.
9. Aparte de describir la mutualidad como tal relación de nexo jurídico existente entre los litigantes en un primer pleito y uno posterior, el Tribunal Supremo de Puerto Rico no ha adoptado una definición que en realidad describa tal nexo, junto con el efecto que ésta produce. Proviniendo dicha figura jurídica del derecho anglosajón, encontramos sumamente pertinente al caso de autos la manera en que se expresó el foro federal en Gill and Duffus Services, Inc. v. A.M. Nural Islam, C.A., 675 F. 2d 404, 405 (1982), de que la mutualidad existe "[when] that relationship between two or more persons is such that a judgment involving one of them may justly be conclusive upon other, although other was not party to lawsuit". (Enfasis nuestro).